IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **PAULA EVETTE WILLIAMS-HOLLAND,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 20-cv-2387-TMP |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

Before the court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 28.)

Plaintiff Paula Evette Williams-Holland filed this action to obtain judicial review of Defendant Commissioner's determination that she was not disabled. A Remand Order was entered in this case on October 6, 2021. (ECF No. 26.)

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by the party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As the Plaintiff obtained an Order from the Court remanding the

Commissioner's decision pursuant to sentence four of U.S.C. §405(g), she qualifies as a prevailing party under the EAJA. The Court concludes that there are no special circumstances that would make an award unjust. Consequently, Plaintiff is entitled to an award of attorney fees.

Plaintiff's counsel has submitted her affidavit documenting 24.6 hours of work on this case. Based on this documentation, Plaintiff requests an award of attorney fees in the amount of $4,239.78 and expenses of $23.00. The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an award at the hourly rate of $197.79 for 24.6 hours of work. The increase in the hourly rate is based on the rise in the cost of living since March 1996, when the EAJA statutory rate was last increased. The Court finds that these requested rates and the number of hours expended are reasonable.

It is hereby ORDERED that Williams-Holland is awarded attorney's fees under the EAJA in the amount of $4239.78 and expenses of $23.00, made payable to Plaintiff's attorney, as Plaintiff has assigned these funds to her attorney.

Remittance of the awarded attorney's fees will be contingent upon a determination by the Government that Plaintiff

owes no debt(s) to the Government that is subject to offset. If such a debt(s) exist, the Government may make the entire EAJA fee payable to Plaintiff and then use the EAJA fee as an offset to the debt. See 31 C.F.R. § 285.5(e)(6)(ii); Astrue v. Ratliff, 560 U.S. 586 (2010).

    IT IS SO ORDERED.

                    s/Tu M. Pham_____
                    TU M. PHAM
                    CHIEF UNITED STATES MAGISTRATE JUDGE

                    January 11, 2022_____
                    Date