```
       IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF TENNESSEE
                  WESTERN DIVISION
```

| | |
|---|---|
| **PAULA EVETTE WILLIAMS-HOLLAND,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-cv-02387-TMP |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **ACTING COMMISSIONER OF SOCIAL** ) | |
| **SECURITY ADMINISTRATION,** ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Before the court is plaintiff Paula Evette Williams-Holland's Motion for Attorney Fees under 42 U.S.C. § 406(b).[1] For the following reasons, the motion is GRANTED.

**I.   BACKGROUND**

Melissa A. Palmer represented Williams-Holland in this action requesting judicial review of the Commissioner of Social Security Administration's ("Commissioner") decision denying Williams-Holland's application for disability insurance benefits and supplemental security income. (ECF No. 1.) On October 6, 2021, the

---

[1]After the parties consented to the jurisdiction of a United States magistrate judge on April 7, 2021, this case was referred to the undersigned to conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 18.)

undersigned reversed the Commissioner's decision and remanded the matter for further proceedings. (ECF No. 26.) On December 10, 2023, Williams-Holland received a Notice of Change in Benefits informing her that the past due benefit amount for May 2016 through May 2023 is $68,037.00. (ECF No. 36-3 at PageID 663.) On December 30, 2021, Palmer filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), and the undersigned awarded $4,239.78 in attorney fees and $23.00 in expenses. (ECF Nos. 28, 30.) On November 17, 2023, Palmer filed the present motion requesting attorney fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $15,479.00. (ECF No. 36.)

In support of the motion, Palmer submitted the contingency fee agreement between Williams-Holland and Palmer, indicating that Palmer would be entitled to fees up to twenty-five percent of the past due benefits. (ECF No. 36-2 at PageID 659.) Additionally, Palmer submitted time sheets showing that Williams-Holland's attorneys and paralegals logged 24.6 hours on this matter. (ECF No. 36-4 at PageID 667–69.) Of those hours, 18.2 hours accounted for work performed by attorneys and 6.4 hours accounted for work performed by paralegals. (ECF No. 36-5 at PageID 671–72; ECF No. 36-6 at PageID 674–75.) The Commissioner neither supports nor opposes Palmer's requested amount of attorney fees. (ECF No. 37 at 679.)

## II.  ANALYSIS

The court may award attorney fees not to exceed twenty-five percent of the total of the past-due benefits for prevailing claimants. 42 U.S.C. § 406(b)(1)(A). "In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel." Shaw v. Comm'r of Soc. Sec., No. 1:16-cv-1133, 2019 WL 5550575, at *1 (S.D. Ohio Oct. 28, 2019) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002)). "When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable." Id. (citing Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989)).

"Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered" and "should consider . . . whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended[.]" Id. (citing Gisbrecht, 535 U.S. at 807; Hayes v. Sec'y of Health & Hum. Servs., 923 F.2d 418, 422 (6th Cir. 1990); Rodriquez, 865 F.2d at 746). Further, "[r]eductions are appropriate if the attorney is responsible for delay causing the amount of back benefits to increase . . . ." Jennings on Behalf of Estate of Norton v. Saul, No. 2:14-cv-2485-dkv, 2019 WL 11583361, at *2 (W.D. Tenn. Nov. 14, 2019) (citing

Gisbrecht, 535 U.S. at 808). "[M]ost courts have been 'deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Axley v. Saul, No. 1:18-cv-1106-STA-cgc, 2020 WL 1250827, at *1 (W.D. Tenn. Mar. 16, 2020) (quoting Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)). "Courts have approved contingent fees translating to very large effective hourly rates." Id. (citing Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005) and Yarnevic, 359 F. Supp. 2d at 1365) (noting approval of effective hourly rates of $736.84 and $643.00 respectively)).

In this case, the total past benefits for Williams-Holland were $68,037.00 for March 2016 through May 2023. (ECF No. 36-3 at PageID 663.) Palmer is requesting $15,479.00 in attorney fees, which is less than twenty-five percent of past-due benefits. (ECF No. 36-1 at PageID 656.) Palmer submitted the contingency fee agreement that provided for attorney fees of up to twenty-five percent of the past due benefits, and she attached time sheets showing that the attorneys and paralegal logged 24.6 hours with an effective hourly rate of $629.23. (ECF No. 36-1 at PageID 657; ECF No. 36-4 at PageID 667–69.) Additionally, the record shows that Palmer did not contribute to any delay in this case, and the Commissioner does not object to Palmer's request. The undersigned finds that an award of $15,479.00 is reasonable based upon the

contingency-fee agreement and because the time spent and effective hourly rate are reasonable.

### III. CONCLUSION

Williams-Holland's Motion for Attorney Fees is GRANTED and Palmer is awarded attorney fees in the amount of $15,479.00 under 42 U.S.C. § 406(b)(1)(A). Upon receipt of payment, Palmer shall refund the EAJA fee received in this matter to Williams-Holland.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 21, 2023
Date